NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EZELL ANDERSON, Jr., DBA Mom's Choice Meats, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE; et al., <br><br> Defendants-Appellees. | No. 17-15403 <br><br> D.C. No. 2:14-cv-02307-JAM-CKD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Ezell Anderson, Jr. appeals pro se from the district court's summary

judgment in his action seeking judicial review under the Food Stamp Act of 1964

(the "Act") of the United States Food and Nutrition Service's permanent

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

disqualification of Mom's Choice Meats from the Supplemental Nutrition Assistance Program ("SNAP"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Anderson failed to establish a genuine dispute of material fact as to whether personnel of Mom's Choice Meats trafficked in SNAP benefits. *See* 7 C.F.R. § 271.2 (defining "trafficking" under the Act as including "buying or selling" SNAP benefits "for cash or consideration other than eligible food"), § 278.6(e)(1)(i) (providing that a firm shall be disqualified permanently if "[p]ersonnel of the firm have trafficked" in SNAP benefits); *Kim v. United States*, 121 F.3d 1269, 1273 (9th Cir. 1997) (holding that under the Act "even innocent owners" may be disqualified permanently for trafficking violations).

The district court did not abuse its discretion by denying Anderson's motion for recusal because Anderson failed to establish any basis for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010) (setting forth standard of review and discussing grounds for recusal).

We reject as without merit Anderson's contentions regarding his former counsel's allegedly improper conduct and the mailing of the magistrate judge's findings and recommendations to Anderson's former counsel.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Anderson's requests to remand this action for an award of attorney's fees, sanctions, or an investigative hearing, set forth in the opening brief, are denied.

**AFFIRMED.**